TuRNéy, J.,
dissenting.
I do not think that the Bankrupt Act confers upon the U. S. District Court exclusive jurisdiction over the question, whether a discharge was fraudulently obtained; to say nothing of the power of Congress to deprive the State courts of jurisdiction' over a question of fraud.
In my judgment, the provision in see. 34 for annulling the discharge within two years, by proceedings in the court that granted it, was meant to confer a jurisdiction upon the U. S. District Courts; not to take away jurisdiction from the State courts.
The uniformity of the Bankrupt Act is not marred by conceding to the State courts the power' to disregard a discharge in bankruptcy for causes which the act itself provides shall invalidate it.
Sec. 29 of the act provides that “ no discharge shall be granted, or if granted, be valid,” if the bankrupt shall, among other things, have “concealed any part of his estate or effects.”
Sec. 34 provides what shall be the • effect of a discharge “duly granted under this act” But a discharge can not be said to have been “duly granted under this act,” where certain things have been done for which the act forbids the discharge.
But it is said that see. 34 provides that “the certificate shall be conclusive evidence in favor of such bankrupt, of the fact and the regularity of such dis *82 charge/’ and that this cuts off any investigation in the State courts as to the manner in which the discharge was obtained. I do not think that such was meant to be the effect of this clause.
One object of the provision was to make the certificate of discharge of itself evidence.
The discharge is by virtue of the decree of the bankrupt court. Without some such provision, this could’ be shown only by a transcript of the record of the bankrupt suit. It was desirable that the simple certificate, as the embodiment of the result of the suit, should suffice as evidence. Accordingly, this was made conclusive evidence that in fact such proceedings had been had, and had proceeded regularly to such a termination. But it requires great liberality of construction to add to this, that the discharge is not to be subject to impeachment for fraud, which is uniformly held to vitiate every judgment or decree obtained thereby; and this even where the fraud is such as, under the Bankrupt Act itself, invalidates the discharge.
In one sense, a judgment from another State is ■conclusive evidence in this State of the fact and the regularity of such judgment: that is, that proceedings were had in such other State, which, according to the laws thereof, resulted in such judgment/ Yet the judgment is subject to be impeached here for want of jurisdiction, and also for fraud.
Certainly, if a discharge in bankruptcy were pleaded in a State court, it might be avoided by proof that the bankrupt court that granted it had lacked jurisdiction of the case. And this, notwithstanding the *83 conclusiveness of a certificate as to the fact, and the regularity of a discharge.
In my judgment, fraud, as well as want of jurisdiction, might be shown, to avoid the discharge; and the more especially such fraud as the act itself provides shall forbid the discharge, and shall invalidate it if granted.